```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

Josephine Amatucci

   v.                                          Civil No. 16-cv-239-JL

State of New Hampshire

## REPORT AND RECOMMENDATION

Pro se plaintiff, Josephine Amatucci, has filed a complaint (Doc. No. 1), seeking an order from this court directing the state court to give her a new trial in a state criminal proceeding in which Amatucci was convicted of disobeying a police officer. The complaint is before the court for preliminary review. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).

## Preliminary Review Standard

The magistrate judge conducts a preliminary review of complaints filed in forma pauperis. The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2). In conducting its preliminary review, the court construes pro se complaints

liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## Background

On May 7, 2014, Amatucci was arrested for disobeying a police officer.  A complaint was filed in the state Circuit Court, charging her with a Class A misdemeanor.  See State v. Amatucci, No. 464-2014-CR-00836 (N.H. Cir. Ct., 9th Cir., District Div., Ossipee).  Prior to trial, the prosecutor reduced the charge to a Class B misdemeanor.  The trial court found Amatucci guilty of disobeying a police officer and imposed a sentence that included a suspended fine and suspended license revocation.  The sentence did not include any period of incarceration.  Amatucci's conviction and sentence were affirmed on appeal. See State v. Amatucci, No. 2015-0562 (N.H. Apr. 29, 2016).

## Discussion

I.  **Claims Asserted**

Amatucci alleges that the prosecutor improperly reduced her

offense from a Class A to a Class B misdemeanor, without her assent, in violation of N.H. Rev. Stat. Ann. ("RSA") § 625:9, VII(c).  Amatucci alleges that the prosecutor's pretrial reduction of the charge deprived her of her Sixth and Fourteenth Amendment rights to a jury trial, and to a trial de novo in the Superior Court after she was convicted at trial.  Amatucci seeks injunctive relief, in the form of an order directing the state court to reverse her conviction and grant her a new trial in her criminal case.

## II.  Heck Bar

Under Heck v. Humphrey, 512 U.S. 477 (1994), "[w]hen 'a judgment in favor of the plaintiff would necessarily imply the invalidity of [her] conviction or sentence,' . . . [42 U.S.C. §] 1983 is not an available remedy," absent a showing that the conviction terminated in her favor, or has been otherwise invalidated.  Skinner v. Switzer, 562 U.S. 521, 533 (2011) (quoting Heck, 512 U.S. at 487).  In this § 1983 action, Amatucci seeks injunctive relief for alleged violations of her constitutional rights and her rights under state law.  Amatucci's conviction has not been invalidated.  To grant Amatucci the relief she seeks, this court would have to find that her state court conviction is invalid.  Accordingly, the

Heck bar applies in this case, and the district judge should dismiss the complaint (Doc. No. 1).

## Conclusion

For the foregoing reasons, the district judge should dismiss this action in its entirety.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

October 13, 2016

cc:  Josephine Amatucci, pro se